Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| BANCO POPULAR DE PUERTO RICO<br><br>*Recurrido*<br><br>v.<br><br>JOSÉ L. VARGAS FERNÁNDEZ Y OTROS<br><br>*Demandados*<br><br>ÁNGELA LUCÍA ROSARIO DE LEÓN<br><br>*Peticionaria* | TA2026CE00678 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022CV10413<br><br>Sobre: Ejecución de Hipoteca: Propiedad Horizontal |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### **RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de junio de 2026.

Comparece ante nos la señora Ángela Lucía Rosario de León (señora Rosario de León o peticionaria) mediante recurso de *Certiorari* y solicita que revoquemos la *Orden*[1] emitida el 26 de abril de 2026[2] por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro recurrido). Mediante el referido dictamen, el TPI rechazó por tercera vez una solicitud de desestimación presentada por la peticionaria por reiterar argumentos previamente denegados y, en su lugar, ordenó a la señora Rosario de León y al Banco Popular de Puerto Rico (BPPR o recurrido) a reunirse para corregir las deficiencias relacionadas con la solicitud de mitigación de pérdida e informar su estado procesal dentro de veinte (20) días.

Por los fundamentos que expondremos a continuación, **denegamos** la expedición del recurso de *Certiorari*.

---

[1] Apéndice 95 del recurso de *Certiorari.*
[2] Notificada el 27 de abril de 2026.

**I.**

El caso de autos tuvo su génesis el 29 de noviembre de 2022, cuando el BPPR instó una *Demanda*[3] sobre ejecución de hipoteca en contra de la peticionaria y del señor José L. Vargas Fernández (señor Vargas Fernández). En la misma, el recurrido solicitó la ejecución de hipoteca y la venta en pública subasta de la propiedad ubicada en la Urb. Las Lomas 811 Calle 25 SO, San Juan, PR 00921 por alegado incumplimiento de la señora Rosario de León con la obligación que surgió del *Pagaré* otorgado el 16 de agosto de 2006[4].

Tras varios incidentes procesales, el 27 de marzo de 2023, la peticionaria sometió su *Contestación a Demanda y Reconvención*[5]. Allí alegó que fue emplazada deficientemente y ello privaba de jurisdicción al foro recurrido sobre su persona. De igual manera, esgrimió que BPPR incumplió crasamente con el Real Estate Settlement Procedure Act (RESPA), al no indicarle que estaba en mora con relación a su préstamo hipotecario y al no ofrecerle todas las alternativas de mitigación de pérdidas, lo cual era un requisito jurisdiccional bajo la Ley Núm. 184-2012[6], y la Ley Núm. 169-2016[7]. Finalmente, adujo que el recurrido no había probado fehacientemente ser la tenedora del pagaré y ello le permitía reclamar su derecho de propiedad o posesión sobre dicho *Pagaré*.

El 29 de marzo de 2023, el BPPR presentó una *Moción en Solicitud de Referido a Mediación y en Solicitud de Prórroga para Contestar Reconvención*[8]. Es por ello que el 31 de marzo de 2023, el TPI notificó una *Orden de Referido al Centro de Mediación de Conflictos en Casos de Ejecución de Hipotecas*[9]. Luego de varios

---

[3] Apéndice 1 del recurso de *Certiorari*.
[4] *Íd.*, Anejo *1* y *Proy de Empl*.
[5] Apéndice 8 del recurso de *Certiorari*.
[6] Ley Núm. 184-2012, según enmendada, conocida como la "Ley para Mediación Compulsoria y Preservación de tu Hogar en los Procesos de Ejecuciones de Hipotecas de una Vivienda Principal", 32 LPRA sec. 2881 *et seq.*
[7] Ley Núm. 169-2016, según enmendada, conocida como la "Ley de Ayuda al Deudor Hipotecario", 32 LPRA sec. 2891 *et seq.*
[8] Apéndice 9 del recurso de *Certiorari*.
[9] Apéndice 10 del recurso de *Certiorari*.

trámites procesales, el 7 de octubre de 2024, el Centro de Mediación de Conflictos (Centro de Mediación) presentó *Moción en Solicitud de Remedio*[10]. Evaluada tal solicitud, el 28 de octubre de 2024, el foro recurrido dictó y notificó la siguiente *Orden*[11]:

> CÍTESE A UNA PRÓXIMA VISTA DE MEDIACIÓN. SE APERCIBE A LA PARTE DEMADADA QUE LA INCOMPARECENCIA INJUSTIFICADA Y NO NOTIFICADA CON SUFICIENTE ANTELACIÓN A UNA PRÓXIMA VISTA, PODRÁ SER CONSTITUIR LA CAUSA ESTABLECIDA EN LEY PARA DAR POR TERMINADO EL PROCESO DE MEDIACIÓN Y DEVOLVER EL CASO AL FORO JUDICIAL PARA LA CONTINUACIÓN DE LOS PROCEDIMIENTOS ORDINARIOS.

Así pues, el 12 de diciembre de 2024, el Centro de Mediación presentó *Moción Sobre Resultado de Mediación por Videoconferencia*[12]. Allí informó que daban por terminada su intervención, debido a que no se había completado la entrega de documentos para la evaluación financiera.

Por su parte, la señora Rosario de León radicó su *Oposición a Moción Sobre Resultado de Mediación por Videoconferencia*[13] en la cual esgrimió que había completado la solicitud de mitigación de pérdidas y que había entregado los documentos requeridos. Tras la orden de reanudar los procedimientos[14], el 26 de diciembre de 2024, el TPI emitió y notificó una *Orden*[15] en la cual le otorgó veinte (20) días al BPPR para que expusiera su posición en cuanto a la alegación de la peticionaria de que había entregado los documentos requeridos para el proceso de mitigación de pérdidas.

En cumplimiento con lo anterior, el 14 de enero de 2025, el recurrido sometió una *Moción en Cumplimiento de Orden*[16], donde informó que la señora Rosario de León no había completado la solicitud de documentos ante el Departamento de Mitigación de Pérdidas. Es por lo anterior que, el 16 de enero de 2025, el foro

---

[10] Apéndice 45 del recurso de *Certiorari.*
[11] Apéndice 47 del recurso de *Certiorari.*
[12] Apéndice 49 del recurso de *Certiorari.*
[13] Apéndice 50 del recurso de *Certiorari.*
[14] Apéndice 51 del recurso de *Certiorari.*
[15] Apéndice 52 del recurso de *Certiorari.*
[16] Apéndice 53 del recurso de *Certiorari.*

recurrido notificó una *Orden*[17] en la cual le concedió a la señora Rosario de León treinta (30) días para someter la solicitud de mitigación de pérdida completa.

No obstante, la peticionaria no completó la solicitud y, en cambio, el 8 de marzo de 2025, presentó una *Moción en Cumplimiento de Orden en Solicitud de Desestimación*[18]. En ésta, rechazó el planteamiento de que no había entregado los documentos que formaban parte de su solicitud de mitigación de pérdidas. En esa misma fecha, la señora Rosario de León sometió una *Moción de Remedio*[19] en la que planteó nuevamente que había entregado oportunamente toda la documentación exigida por el BPPR para ser objeto de una evaluación justa de mitigación de pérdidas. De igual manera, adujo que el recurrido afirmaba lo contrario y que no podía dejarse al arbitrio del inversionista qué opciones de mitigación de pérdidas ofrecería al deudor hipotecario y que, por lo tanto, ameritaba realizarse descubrimiento de prueba.

El 11 de marzo de 2025[20], el TPI emitió una *Orden*[21] en la cual concedió el término de treinta (30) días para un breve descubrimiento de prueba.

Por su lado, el 12 de marzo de 2025, el recurrido radicó *Oposición a Moción de Desestimación*[22], donde nuevamente informó que la peticionaria no había completado la solicitud de mitigación de pérdidas. Ese mismo día se celebró una vista, en la cual la señora Rosario de León argumentó que la solicitud ya estaba completada porque había pasado por la entrevista de "loss mitigation" con BPPR y que eso demostraba que el banco ya contaba con los documentos necesarios para evaluar la solicitud. Además, sostuvo que todos los

---

[17] Apéndice 54 del recurso de *Certiorari.*
[18] Apéndice 61 del recurso de *Certiorari.*
[19] Apéndice 62 del recurso de *Certiorari.*
[20] Notificada el 12 de marzo de 2025.
[21] Apéndice 64 del recurso de *Certiorari.*
[22] Apéndice 65 del recurso de *Certiorari.*

documentos requeridos habían sido entregados al banco y que, para eliminar cualquier controversia, volverían a someterlos.

Por su parte, el recurrido argumentó que la entrevista no completó la solicitud de mitigación y que la peticionaria aún no había entregado todos los documentos requeridos. Señaló que algunos documentos solicitados desde enero no habían sido sometidos y que otros habían expirado, por lo que debían presentarse nuevamente para que pudiera completarse la evaluación.

Finalmente, el TPI determinó que todavía existía controversia sobre los documentos pendientes y concedió treinta (30) días para que la señora Rosario de León sometiera nuevamente la documentación requerida, así pues, quedó pendiente la determinación final sobre la solicitud de mitigación.

El 9 de mayo de 2025, BPPR presentó *Moción Informativa y Contestación a la Reconvención*[23] donde informó que luego de varios trámites procesales, entre ellos, varias reuniones en mediación y una vista celebrada el 12 de marzo de 2025, la peticionaria no había completado la solicitud de documentos ante el Departamento de Mitigación de Pérdidas, por lo que procedía la continuación de los procedimientos del caso.

Luego de que la señora Rosario de León presentara su *Oposición a Moción Informativa y Contestación a la Reconvención y Reiterando Desestimación*[24], el 17 de noviembre de 2025, el recurrido sometió una *Moción en Solicitud de Sentencia*[25]. Allí esgrimió que el caso de autos no presentaba hechos materiales sustanciales, que debía dictarse sentencia sumaria a su favor y que

---

[23] Apéndice 71 del recurso de *Certiorari.*
[24] Apéndice 73 del recurso de *Certiorari.*
[25] Apéndice 77 del recurso de *Certiorari.*

el señor Vargas Fernández no había presentado su alegación responsiva[26].

Al día siguiente, el foro recurrido notificó una *Orden*[27] en la cual dispuso lo siguiente:

> SE ANOTA LA REBELDÍA AL CODEMANDADO JOSÉ L. VARGAS FERNÁNDEZ.
> POR OTRO LADO, ACOGIDA LA MOCIÓN COMO UNA SOLICITUD DE SENTENCIA SUMARIA, TIENE LA PARTE CODEMANDADA 20 DÍAS PARA PRESENTAR SU ESCRITO EN CONTESTACIÓN DANDO CUMPLIMIENTO A LA REGLA 36 DE PROCEDIMIENTO CIVIL, BAJO APERCIBIMIENTO DE QUEDAR SOMETIDA LA PETICIÓN DE LA PARTE DEMANDANTE SIN EL BENEFICIO DE SU COMPARECENCIA.

Tras una solicitud de prórroga concedida por el TPI[28] , el 9 de enero de 2026, la peticionaria presentó su *Oposición a Solicitud de Sentencia Sumaria de la Parte Demandante de Epígrafe (entrada número 77)*[29], en la que reiteró que BPPR no había provisto todas las alternativas de mitigación de pérdidas en contravención de leyes estatales y federales. Asimismo, expresó que el recurrido insistía incorrectamente en el hecho de que no le había provisto todos los documentos para evaluar su solicitud de mitigación de pérdidas. Finalmente, adujo que BPPR tampoco había demostrado la tenencia con buena fe del *Pagaré* y que, por consiguiente, no se podía disponer de este caso por la vía sumaria.

El 9 de febrero de 2026, el foro recurrido emitió y notificó una *Resolución y Orden*[30] en la cual declaró *No Ha Lugar* la *Moción en Cumplimiento de Orden en Solicitud de Desestimación* presentada por la señora Rosario de León. De igual manera, el TPI añadió lo siguiente:

> **Se le concede un término perentorio de cinco (5) días a la parte demandante, Banco Popular de Puerto Rico, para**

---

[26] La moción estuvo acompañada de los siguientes documentos: Certificación y Declaración Jurada, Pagaré, Certificación de Propiedad Inmueble, Escritura de Hipoteca, Escritura número trescientos noventa y cuatro (394), Status Report Pursuant to Servicemembers Civil Relief Act y Relación del Caso, determinaciones de Hechos, Conclusiones de derecho y Sentencia.

[27] Apéndice 78 del recurso de *Certiorari*.

[28] Véase, Apéndice 79 y 80 del recurso de *Certiorari*.

[29] Apéndice 81 del recurso de *Certiorari*.

[30] Apéndice 83 del recurso de *Certiorari*.

**acreditar el envío y recibo de la carta fechada 24 de enero de 2024. En su defecto, se le ordena a la parte demandante que re-envié a la parte demandada la carta fechada 24 de enero de 2024 y haga constancia a este Tribunal de su envío.**

**Una vez se acredite el envío y recibo de la carta, la parte demandada, dentro del término perentorio de cinco (5) días, deberá hacer entrega de los documentos, según solicitados por la parte demandante, Banco Popular de Puerto Rico.**

De esta forma, despejamos las interrogantes relacionadas con el cumplimiento o no del proceso que garantiza los derechos del deudor al solicitarse la ejecución del inmueble que constituye su residencia principal.

De las partes no cumplir con lo que les corresponda según lo aquí ordenado, se impondrán las sanciones y el curso de acción que corresponda según el derecho aplicable[31]. (Énfasis suplido).

Por su parte, el 17 de febrero de 2026, el recurrido sometió una *Moción en Cumplimiento de Orden*[32] e incluyó la carta enviada a la peticionaria el 24 de enero de 2025. De igual forma, informó que no existía evaluación de alternativa de pago alguna activa ante el Departamento de Mitigación de Pérdidas, ya que los documentos anteriormente sometidos por la señora Rosario de León se encontraban vencidos/expirados.

En vista de lo anterior, el 17 de febrero de 2026[33], el foro recurrido emitió una *Orden*[34] en la que dispuso lo siguiente:

EXAMINADA LA MOCIÓN, EL TRIBUNAL CONCLUYE QUE SE HA CUMPLIDO SUSTANCIALMENTE CON LO ORDENADO EN LA RESOLUCIÓN Y ORDEN DEL 9 DE FEBRERO DE 2026, POR LO QUE CORRESPONDE A LA DEMANDADA CUMPLIR CON SU PARTE. LA CARTA OBJETO DE CONTROVERSIA Y EL FORMULARIO PARA LA SOLICITUD DE MITIGACIÓN SE ACOMPAÑARON A LA MOCIÓN. HABIENDO GESTIONADO LA SOLICITUD EN EL PASADO, SE PRESUME QUE LA DEMANDADA ESTÁ FAMILIARIZADA CON EL PROCESO. POR TANTO, TIENE LA DEMANDADA 30 DÍAS PARA PRESENTAR UNA SOLICITUD COMPLETA DE MITIGACIÓN DE PÉRDIDA. SE LE INSTRUYE MANTENER COMUNICACIÓN CONSTANTE DE MANERA QUE CONOZCA EN TIEMPO Y OPORTUNAMENTE SI SURGEN DUDAS O PREGUNTAS DE LOS DOCUMENTOS QUE SOMETE COMO PARTE DEL PROCESO.

---

[31] *Íd.*, pág. 19.
[32] Apéndice 84 del recurso de *Certiorari.*
[33] Notificada el 18 de febrero de 2026.
[34] Apéndice 85 del recurso de *Certiorari.*

El 23 de marzo de 2026, BPPR radicó *una Moción Informativa y Reiterando Solicitud de que se dicte Sentencia*[35], donde informó que la peticionaria no había cumplido con la *Orden* emitida el 17 de febrero de 2026. Días más tarde, el TPI notificó una *Orden*[36] en la cual le concedió a la señora Rosario de León hasta el 31 de marzo de 2026 para que mostrara causa por la cual no debían continuar los procedimientos, bajo apercibimiento de considerar la solicitud de sentencia sumaria del BPPR.

En respuesta, el 31 de marzo de 2026, la peticionaria sometió una *Moción de Prórroga (Entrada Número 87) y Desestimación*[37]. En ésta, informó que recopiló los documentos necesarios para entregar la solicitud de mitigación de pérdidas y solicitó un término adicional de veinte (20) días. De igual forma, solicitó la desestimación del proceso debido a que el BPPR le ha solicitado los mismos documentos en repetidas ocasiones. Ese mismo día, la señora Rosario de León radicó *Moción de Sanciones por Conducta Temeraria, Abuso de Proceso y Violación a Deberes Estatutarios*[38] por considerar que el recurrido ha incurrido en un patrón abusivo al requerirle una y otra vez la misma información relacionada con su proceso de mitigación de pérdidas.

El TPI le concedió a la peticionaria veinte (20) días para completar la solicitud de mitigación de pérdidas y veinte (20) días al recurrido para que se expresara[39]. El 8 de abril de 2026, BPPR presentó *Moción en Cumplimiento de Orden*[40], donde informó que según se había informado en múltiples ocasiones, la señora Rosario de León no había completado la solicitud de mitigación de pérdidas.

---

[35] Apéndice 86 del recurso de *Certiorari.*
[36] Apéndice 87 del recurso de *Certiorari.* Notificada el 27 de marzo de 2026.
[37] Apéndice 88 del recurso de *Certiorari.*
[38] Apéndice 89 del recurso de *Certiorari.*
[39] Apéndice 90 y 91 del recurso de *Certiorari.*
[40] Apéndice 92 del recurso de *Certiorari.*

En igual fecha, el foro recurrido emitió y notificó una *Resolución*[41] en la cual declaró *No Ha Lugar* la moción de desestimación de la peticionaria. Asimismo, le ordenó a que en el término concedido de veinte (20) días completara su solicitud de mitigación de pérdida. Inconforme, el 23 de abril de 2026, la señora Rosario de León presentó una *Moción de Reconsideración (Entrada Número 93)*[42]. Allí reiteró que el recurrido había incurrido en un patrón abusivo de solicitarle una y otra vez la misma información que ya había sometido como parte de su solicitud de mitigación de pérdidas.

Evaluado el petitorio, el 26 de abril de 2026[43], el TPI emitió la siguiente *Orden*[44]:

> LA PRESENTE MOCIÓN CONSTITUYE EL TERCER INTENTO DE LA CODEMANDADA, ÁNGELA L. ROSARIO, PARA QUE SE DESESTIME LA DEMANDA EN SU CONTRA. EN ESTA, LEVANTA LOS MISMOS ARGUMENTOS QUE ESTE TRIBUNAL HA CONSIDERADO PREVIAMENTE Y HA RESUELTO DENEGARLOS. VÉANSE ENTRADAS #83 Y #93 EN SUMAC.
> SI, DEBIDO A SU SITUACIÓN FAMILIAR, LO QUE LA CODEMANDADA NECESITA ES MÁS TIEMPO PARA PRESENTAR UNA SOLICITUD COMPLETA CON DOCUMENTOS CUYA VIGENCIA O VALIDEZ NO HAYA EXPIRADO SEGÚN LOS TÉRMINOS FIJADOS POR EL BANCO PARA CONSIDERARLOS, BASTA CON QUE ASÍ LO SOLICITE.
> LO QUE NO DEBE OCURRIR ES QUE PRESENTE MÚLTIPLES SOLICITUDES DE DESESTIMACIÓN FUNDAMENTÁNDOSE EN ALEGACIONES GENERALES Y EN ASUNTOS QUE BIEN PUEDEN CORREGIRSE CON MEJORAR LA COMUNICACIÓN ENTRE LAS PARTES.
> POR TAL RAZÓN, SE ORDENA A LAS PARTES REUNIRSE DENTRO DE LOS PRÓXIMOS 20 DÍAS PARA ACLARAR Y CORREGIR CUALQUIER DEFICIENCIA EN EL TRÁMITE DE LA SOLICITUD DE MITIGACIÓN DE PÉRDIDA. SEGÚN LO JUSTIFIQUEN LAS CIRCUNSTANCIAS, LA PARTE DEMANDANTE DEBERÁ CONCEDER EL TIEMPO QUE SEA RAZONABLE PARA QUE LA CODEMANDADA PRODUZCA LOS DOCUMENTOS FALTANTES Y EL REQUERIMIENTO DE INFORMACIÓN NO SE TORNE OPRESIVO.
> AL CABO DE LOS 20 DÍAS, **AMBAS PARTES** INFORMARÁN EL ESTADO PROCESAL DE LA SOLICITUD DE MITIGACIÓN. (Énfasis suplido).

---

[41] Apéndice 93 del recurso de *Certiorari*.
[42] Apéndice 94 del recurso de *Certiorari*.
[43] Notificada el 27 de abril de 2026.
[44] Apéndice 95 del recurso de *Certiorari*.

El 7 de mayo de 2026, BPPR sometió *Moción Informativa y en Solicitud de Orden*[45], en la cual informó los intentos realizados para poder coordinar una reunión entre las partes. Por su parte, el 18 de mayo de 2026, la peticionaria radicó *Moción en Cumplimiento de Orden, Solicitud de Desestimación del Procedimiento y en Solicitud de Aclaratoria sobre el Alcance de la Orden Emitida*[46]. En ésta solicitó que el foro recurrido aclarara si la orden de veinte (20) días tuvo el efecto de dejar pendiente, suspender o en cualquier forma posponer la adjudicación de la reconsideración presentada. Ese mismo día, también presentó una *Moción Aclaratoria (Entrada Número 93)*[47] en la cual solicitó que el TPI aclarara si la *Orden* del 26 de abril de 2026 era, en efecto, la denegatoria de la *Moción de Reconsideración (Entrada Número 93)*.

Así las cosas, el 19 de mayo de 2026, el foro recurrido emitió y notificó una *Orden*[48] en la cual declaró *No Ha Lugar* la desestimación y ordenó a las partes que procedieran con el proceso de mitigación de pérdida.

Insatisfecha aun, el 27 de mayo de 2026, la señora Rosario de León acudió ante este foro intermedio y le imputó al TPI los siguientes señalamientos de error:

A. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL DENEGAR LAS MOCIONES DE DESESTIMACIÓN DE LA PARTE RECURRENTE E INSISTIR EN QUE SE CONTINÚE CON EL PROCESO DE MITIGACIÓN DE PÉRDIDAS, CUANDO LA PARTE RECURRENTE HA PLANTEADO EN NUMEROSAS OCASIONES QUE DICHO PROCESO ESTÁ VICIADO, ES PRO FORMA, NO PRODUCE NINGUN BENEFICIO O RESULTADO PARA NINGUNA DE LAS PARTES, PORQUE LA PARTE RECURRIDA HA INCURRIDO EN UN PATRÓN INNCESESARIO DE SOLICITARLE UNA Y OTRA VEZ, DURANTE AÑOS, LA MISMA INFORMACIÓN A LA PARTE RECURRENTE, QUE YA HABÍA ENTREGADO CON RELACIÓN A SU PROCESO DE MITIGACIÓN DE PÉRDIDAS.

B. ERRÓ Y ABUSÓ DE SU DISCRECIÓN EL FORO DE INSTANCIA AL NO RECONOCER QUE HAY UN PROCESO ACTIVO DE MITIGACIÓN DE PÉRDIDAS Y QUE LA PARTE

---

[45] Apéndice 96 del recurso de *Certiorari*.
[46] Apéndice 100 del recurso de *Certiorari*.
[47] Apéndice 101 del recurso de *Certiorari*.
[48] Apéndice 102 del recurso de *Certiorari*.

RECURRIDA SE NIEGA A CUMPLIR CON LA DISPOSICIÓN DE RESPA QUE EXIGE AL ACREEDOR HIPOTECARIO INFORMAR AL DEUDOR HIPOTECARIO SI FALTAN DOCUMENTOS CON RELACIÓN A LA SOLICITUD DE MITIGACIÓN DE PÉRDIDAS DE ACUERDO A RESPA. ADEMÁS, DICHA SOLICITUD OBLIGA A PARALIZAR EL CASO A NIVEL DE INSTANCIA MIENTRAS SE EVALÚA.

El 28 de mayo de 2026, emitimos una *Resolución* en la cual le concedimos diez (10) días al recurrido para que mostrara causa por la cual no se debía expedir el recurso presentado. En cumplimiento con lo anterior, el 4 de junio de 2026, el BPPR sometió *Oposición a que se Expida Certiorari Civil*. Allí adujo que el TPI actuó correctamente al denegar las múltiples mociones de desestimación de la peticionaria y al ordenar la continuación del proceso de mitigación de pérdidas. Esto, debido a que la peticionaria nunca completó la solicitud requerida ni sometió todos los documentos vigentes necesarios para ser evaluada para una alternativa de pago. Sostuvo que le notificó reiteradamente las deficiencias de su solicitud, le concedió múltiples oportunidades para corregirlas y actuó de buena fe durante todo el proceso. Asimismo, alegó que no existía fundamento para concluir que el foro recurrido abusó de su discreción ni para expedir el recurso solicitado, pues los planteamientos de la señora Rosario de León ya habían sido considerados y rechazados por el TPI. Además, sostuvo que la propia conducta de la peticionaria, al no entregar la documentación completa y actualizada requerida, fue la causa de que no pudiera evaluarse una alternativa de mitigación de pérdidas.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

## II.

### -A-

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de

Procedimiento Civil[49] y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones[50]. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[51]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo[52].

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[53]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el

---

[49] 32 LPRA Ap. V, R. 52.1.
[50] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. __, 215 DPR __ (2025).
[51] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).
[52] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).
[53] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).

Tribunal de Apelaciones no tiene que fundamentar su decisión[54].

[...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *certiorari,* este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

### III.

En el caso de autos, la señora Rosario de León sostuvo que el TPI abusó de su discreción al denegar la desestimación y ordenar la continuación del proceso de mitigación de pérdidas, pese a que este alegadamente estaba viciado por los reiterados requerimientos de documentos ya entregados. Además, argumentó que existía un

---

[54] 32 LPRA Ap. V, R. 52.1.

proceso activo de mitigación de pérdidas y que BPPR incumplió con los requisitos de RESPA sobre la notificación de documentos faltantes, lo que, a su juicio, obligaba a paralizar el caso mientras se completaba la evaluación.

Por su parte, el recurrido argumentó que la peticionaria nunca completó la solicitud de mitigación de pérdidas ni entregó toda la documentación requerida, pese a las múltiples oportunidades concedidas. Por ello, sostuvo que el foro recurrido no abusó de su discreción al denegar la desestimación y continuar los procedimientos.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente, pues la *Orden* en controversia no está contemplada bajo la precitada regla. Por otro lado, ninguno de los planteamientos presentados nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia ni que se trata de un asunto que reviste interés público.

Asimismo, al haber considerado los hechos del caso de marras, no estamos convencidos que se cumple con alguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

En fin, el recurso no es revisable, por lo cual, procede denegarlo sin trámite ulterior para que continúen los procedimientos correspondientes.

**IV.**

Por los fundamentos que anteceden, ***denegamos*** el recurso de epígrafe.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones